Michele Floyd (SBN 163031)
SACKS, RICKETTS & CASE LLP
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: (415) 504-3070
Email: mfloyd@srclaw.com

Joseph R. Oliveri* (DC Bar No. 994029)
CLARE LOCKE LLP
10 Prince Street
Alexandra, VA 22314
Telephone: (202) 628-7400
Email: joe@clarelocke.com
* *Pro Hac Vice* Application Forthcoming

*Attorneys for Applicant ZURU, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>ZURU, INC.,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings | MISCELLANEOUS CASE NO.:<br><br>**ZURU'S MEMORANDUM OF LAW IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................................. 2

      A.    ZURU Is Founded in New Zealand and Becomes a Successful Toy Company. ...... 2

      B.    ZURU's Former Employee(s) Defame ZURU and Its Leadership by Anonymously Publishing False and Defamatory Reviews on Glassdoor.com. ....... 3

      C.    ZURU Asks Glassdoor to Remove the Defamatory Reviews and Provide Identifying Information Regarding the Person(s) Who Posted Them, But Glassdoor Refuses. ................................................................................................ 5

      D.    This Application Seeks Evidence Necessary for ZURU to Proceed with Its New Zealand Lawsuit Against the Former Employee(s) Who Posted the Defamatory Reviews. ............................................................................................. 6

ARGUMENT ..................................................................................................................................... 6

I.    28 U.S.C. § 1782 Broadly Allows Discovery in Aid of Foreign Proceedings. .................... 6

II.   ZURU's Application Easily Satisfies Section 1782's Statutory Requirements. .................. 7

III.  The Supreme Court's Discretionary *Intel* Factors All Weigh in Favor of Granting ZURU's Application. ............................................................................................................ 8

      A.    The First *Intel* Factor Is Satisfied: Glassdoor Is Not a Party to the Foreign Proceeding, and Therefore the Foreign Proceeding Cannot Compel Glassdoor to Provide Discovery. ............................................................................................... 9

      B.    The Second *Intel* Factor Is Satisfied: The New Zealand Court Will Accept, Not Reject, Assistance from Discovery Under Section 1782. ..................................... 9

      C.    The Third *Intel* Factor Is Satisfied: ZURU's Request Does Not Attempt to Circumvent Foreign Proof-Gathering Restrictions. ............................................. 10

      D.    The Fourth *Intel* Factor Is Satisfied: ZURU's Request Is Not Unduly Burdensome. ......................................................................................................... 11

CONCLUSION ................................................................................................................................ 13

FILER ATTESTATION ................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
 793 F.3d 1108 (9th Cir. 2015) ................................................................................................... 9

*Digital Shape Techs., Inc. v. Glassdoor, Inc.*,
 No. 16-mc-80150, 2016 WL 5930275 (N.D. Cal. Oct. 12, 2016) .................................. 2, 14, 15

*Ex Parte ANZ Commodity Trading Pty Ltd.*,
 No. 17-mc-80070, 2017 WL 3334878 (N.D. Cal. Aug. 4, 2017) ............................................... 9

*Franklin v. Madden*,
 586 F. App'x 431 (9th Cir. 2014) ............................................................................................ 14

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
 633 F.3d 591 (7th Cir. 2011) ................................................................................................... 11

*HRC-Hainan Holding Co. v. Yihan Hu*,
 No. 19-mc-80277, 2020 WL 906719 (N.D. Cal. Feb. 25, 2020) ..................................... 7, 8, 14

*In re Apple Retail UK Ltd.*,
 No. 20-mc-80109, 2020 WL 3833392 (N.D. Cal. July 8, 2020) ................................... 1, 11, 15

*In re Application for Appointment of a Comm'r re Req. for Judicial Assistance
 for the Issuance of Subpoena Pursuant to 28 U.S.C. 1782*,
 No. 11-cv-80136, 2011 WL 2747302 (N.D. Cal. July 13, 2011) ...................... 2, 10, 13, 14, 15

*In re Application of Guy*,
 No. 19-mc-96, 2004 WL 1857580 (S.D.N.Y. Aug. 19, 2004) ........................................... 12, 13

*In re Application of Joint Stock Co. Raiffeinsenbank*,
 No. 16-mc-80203, 2016 WL 6474224 (N.D. Cal. Nov. 2, 2016) ............................................ 13

*In re Application of Rainsy*,
 No. 16-mc-80258, 2017 WL 528476 (N.D. Cal. Feb. 9, 2017) ................................................. 8

*In re Ex Parte Application of Digital Shape Techs., Inc.*,
 No. 16-mc-80150, 2016 WL 3913670 (N.D. Cal. July 20, 2016) ......................................... 2, 8

*In re Ex Parte Motorola Mobility, LLC*,
 No. 12-cv-80243, 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) ...................................... 10, 13

*In re Frederick*,
 No. 20-mc-965, 2020 WL 5742772 (W.D. Tex. Sept. 24, 2020) ....................................... 12, 13

*In re Futurecorp Int'l Pty Ltd.*,
 No. 12-mc-80267, 2012 WL 5818288 (N.D. Cal. Nov. 15, 2012) .................................... 12, 13

*In re IKB Deutsche Industriebank AG*,
 No. 09-cv-7852, 2010 WL 1526070 (N.D. Ill. Apr. 8, 2010) ............................................ 12, 13

*In re Legatum*,
 No. 21-mc-80032, 2021 WL 706436 (N.D. Cal. Feb. 23, 2021) ............................................ 2, 14

*In re Letters Rogatory from Tokyo Dist. Prosecutor's Office*,
 16 F.3d 1016 (9th Cir. 1994) .................................................................................................. 14

*In re Letters Rogatory from Tokyo Dist.*,
 539 F.2d 1216 (9th Cir. 1976) .................................................................................................. 1

*In re Republic of Ecuador*,
 No. 10-mc-80225, 2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) ......................................... 1, 7

*In re Varian Med. Sys. Int'l AG*,
 No. 16-mc-80048, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ...................................... 11, 13

*In re Yasuda*,
 No. 19-mc-80156, 2020 WL 759404 (N.D. Cal. Feb. 14, 2020) .............................................. 9

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004) ............................................................................ 7, 8, 9, 10, 11, 12, 13

*IPCom GMBH & Co. KG v. Apple Inc.*,
 61 F. Supp. 3d 919 (N.D. Cal. 2014) ........................................................................................ 1

*IS Prime Ltd. v. Glassdoor, Inc.*,
 No. 21-mc-80178, 2021 WL 5889373 (N.D. Cal. Dec. 13, 2021) ........................................ 2, 14

*London v. Does*,
 279 F. App'x 513 (9th Cir. 2008) ............................................................................................ 10

*Rodriguez v. Panayiotou*,
 314 F.3d 979 (9th Cir. 2002) .................................................................................................... 5

*Siemens AG v. W. Digital Corp.*,
 No. 13-cv-1407, 2013 WL 5947973 (C.D. Cal. Nov. 4, 2013) ............................................... 11

*Siemer v. Stiassny*,
 [2011] NZCA 106 (N.Z.) .......................................................................................................... 5

*Solomon v. Prater*,
 [2021] NZHC 481 (N.Z.) ........................................................................................................... 5

*ZL Techs., Inc. v. Does 1-7*,
 13 Cal. App. 5th 603 (2017) ..................................................................................................... 4

**Statutes**

28 U.S.C. § 1782 ................................................................................ 1, 2, 7, 8, 9, 11, 12, 13, 14

New Zealand's Act to Amend the Law Relating to Defamation and
 Other Malicious Falsehoods (Defamation Act of 1992),
 Public Act 1992 No. 105 (26 Nov. 1992) ................................................................................. 5

**INTRODUCTION**

Applicant ZURU, Inc. ("ZURU") submits this Memorandum of Law in support of its *Ex Parte*[1] Application for an Order pursuant to 28 U.S.C. § 1782 requesting limited third-party discovery from Glassdoor, Inc. ("Glassdoor") to aid foreign litigation in New Zealand. Specifically, ZURU's Application requests discovery for a New Zealand defamation case against a former employee or employees who posted false and disparaging "reviews" on the website Glassdoor.com (which is operated by Glassdoor), that defame ZURU and its leadership by falsely accusing them of, among other things, incompetence in the leadership, management, and operation of ZURU and mistreatment of ZURU's employees.

ZURU files this Section 1782 Application as a last resort because critical evidence necessary for ZURU's New Zealand action is only available in this jurisdiction, Glassdoor has refused to provide that evidence, and the New Zealand court would be unable to compel Glassdoor to produce it. By way of background, ZURU alleges that a former employee or employees posted "reviews" on Glassdoor.com that defame ZURU and its leadership.[2] But because Glassdoor allowed the former employee(s) to post the reviews anonymously, Glassdoor—and only Glassdoor—possesses information that would reveal identifying information about the former employee(s), such as their name(s), email address(es) and the IP address(es) they used to post the defamatory reviews. Additionally, ZURU requests that Glassdoor be required to produce documentation reflecting the number of visitors who have viewed or interacted with the defamatory reviews. In short, ZURU has filed its Application to obtain limited discovery that would reveal information that is critical to ZURU's lawsuit in New Zealand.

---

[1] "Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *In re Apple Retail UK Ltd.*, No. 20-mc-80109, 2020 WL 3833392, at *2 (N.D. Cal. July 8, 2020) (quoting *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014); *see also In re Republic of Ecuador*, No. 10-mc-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010); *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976).

[2] As explained below, ZURU has reason to believe that the same person posted all or most of the defamatory "reviews" on Glassdoor.com.

As explained below, ZURU's Application satisfies all Section 1782 statutory requirements, and all discretionary factors that courts consider in evaluating Section 1782 Applications weigh heavily in favor of granting ZURU's Application. In similar circumstances, courts have repeatedly granted Section 1782 Applications seeking discovery, including those seeking discovery from Glassdoor. *See, e.g.*, *IS Prime Ltd. v. Glassdoor, Inc.*, No. 21-mc-80178, 2021 WL 5889373, at *3-4 (N.D. Cal. Dec. 13, 2021) (granting discovery from Glassdoor under Section 1782); *In re Legatum*, No. 21-mc-80032, 2021 WL 706436, at *3 (N.D. Cal. Feb. 23, 2021) (same); *Digital Shape Techs., Inc. v. Glassdoor, Inc.*, No. 16-mc-80150, 2016 WL 5930275, at *2 (N.D. Cal. Oct. 12, 2016) (same); *In re Ex Parte Application of Digital Shape Techs., Inc.*, No. 16-mc-80150, 2016 WL 3913670, at *3 (N.D. Cal. July 20, 2016) (same); *In re Application for Appointment of a Comm'r re Req. for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. 1782*, No. 11-cv-80136, 2011 WL 2747302, at *5 (N.D. Cal. July 13, 2011) (same; Wordpress.com). The Court should grant ZURU's Application.

## FACTUAL BACKGROUND

### A. ZURU Is Founded in New Zealand and Becomes a Successful Toy Company.

Applicant ZURU is an award-winning company that designs, manufactures, and markets innovative toys and consumer products. (Olavson Decl. ¶ 3. M. Mowbray Decl. ¶ 3; N. Mowbray Decl. ¶ 3.)[3] Since its founding in New Zealand by Mat and Nick Mowbray (both New Zealand citizens residing in New Zealand who serve as ZURU's Co-CEOs) in 2003, ZURU has become known for its agility, creativity, and new-age manufacturing techniques. (Olavson Decl. ¶ 3. M. Mowbray Decl. ¶¶ 2-3; N. Mowbray Decl. ¶¶ 2-3.) Notwithstanding explosive growth since its founding, ZURU and its leadership have remained dedicated to and guided by the core values of "integrity, creativity, accountability, quality, adaptability, passion, and unity." (Olavson Decl. ¶ 3.

---

[3] Decl. of Eric Olavson in Supp. of ZURU's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings (Jan. 20, 2022) (filed contemporaneously herewith); Decl. of Mat Mowbray in Supp. of ZURU's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings (Jan. 20, 2022) (filed contemporaneously herewith); Decl. of Nick Mowbray in Supp. of ZURU's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings (Jan. 20, 2022) (filed contemporaneously herewith).

M. Mowbray Decl. ¶ 3; N. Mowbray Decl. ¶ 3.)  And ZURU and its leadership (including its Co-CEOs) go to great lengths to foster and maintain exceptional workplaces for their employees—their "ZURU Family"—believing that maintaining a family-centric culture of respect and commitment to its employees will ensure that ZURU has the right foundation to move boldly into the future. (Olavson Decl. ¶ 3. M. Mowbray Decl. ¶ 3; N. Mowbray Decl. ¶ 3.)  ZURU continues to maintain a large office in Auckland, New Zealand, where it was founded.  (Olavson Decl. ¶ 4.)

      **B.**    **ZURU's Former Employee(s) Defame ZURU and Its Leadership by Anonymously Publishing False and Defamatory Reviews on Glassdoor.com.**

Beginning in October 2021, a former ZURU employee or employee(s) began a targeted defamation campaign against ZURU by posting a series of "reviews" on Glassdoor.com (on ZURU's Glassdoor profile) that made false and disparaging claims about ZURU, its leadership, and its management (the "Defamatory Reviews").  Specifically, the Defamatory Reviews consist of the following:

1. An October 12, 2021 Review titled "Commercial, marketing & product";
2. A November 2, 2021 Review titled "Value your mental health and self worth? Then never cross the front door";
3. A November 11, 2021 Review titled "Avoid at all costs. Biggest catfish company out there. Toxic";
4. A November 13, 2021 Review with an unknown title;
5. A November 20, 2021 Review titled "Burn out factory"; and
6. A November 25, 2021 Review titled "Company has few issues."

(Oliveri Decl. ¶ 3 & Ex. 1.)[4]  A copy of the Defamatory Reviews is attached as **Exhibit 1** to the Oliveri Declaration.

The Reviews make numerous statements (and implications) about ZURU and its leadership, including ZURU's Co-CEOs Mat and Nick Mowbray, who the Reviews refer to as "the two brothers at the helm of [ZURU]," and ZURU's "CEO," "owners," and "ownership."  (*Id.*; *see also* M. Mowbray Decl. ¶¶ 5-6; N. Mowbray Decl. ¶¶ 5-6.)  Among other things, the Defamatory

---

[4] Decl. of Joseph R. Oliveri in Supp. of ZURU's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings (Jan. 20, 2022) (filed contemporaneously herewith).

Reviews falsely state that ZURU and its leadership—including ZURU's Co-CEOs Mat and Nick Mowbray—among other things, are "incompetent" and "not competent"; "exploit[]" their employees; have "zero respect for" ZURU's employees; do not know "how to run a business"; treat employees as "disposable" and "dispensable"; and impermissibly "find a way to get rid of [employees]." (Oliveri Decl. ¶ 5 & Ex. 1; Olavson Decl. ¶ 7; M. Mowbray Decl. ¶ 6; N. Mowbray Decl. ¶ 6.)

Those statements and implications convey demonstrably false (purported) facts.[5] ZURU and its leadership—including ZURU Co-CEOs Mat and Nick Mowbray—have substantial experience running and successfully growing ZURU; it is false to state that ZURU or its leadership and Co-CEOs are "incompetent," "not competent," or do not know "how to run a business." (M. Mowbray Decl. ¶ 7; N. Mowbray Decl. ¶ 7.) Likewise, ZURU and its leadership—including ZURU Co-CEOs Mat and Nick Mowbray—value, respect, and properly treat their employees and staff; it is false to state that ZURU or its leadership and Co-CEOs "exploit[]" their employees, have "zero respect for" their employees, treat their employees as "disposable" or "dispensable," or "find a way to get rid of [employees]." (M. Mowbray Decl. ¶ 7; N. Mowbray Decl. ¶ 7.)

The Defamatory Reviews plainly harm ZURU and its leadership (including its CEOs who are expressly referenced in the Reviews) in their reputations and tend to charge them with incompetence and injure them with respect to their profession, trade, or business. (M. Mowbray Decl. ¶ 8; N. Mowbray Decl. ¶ 8.) As such, they are defamatory under New Zealand law (and also California law).[6]

Notably, although the person(s) who published the Defamatory Reviews did so anonymously, the pool of potential persons who could have posted them is limited (and ZURU has

---

[5] As the California Court of Appeal has explained, Glassdoor.com's "emphasis on providing 'information' [] strongly intimate[s] factual material [is] included" in "reviews" on the site. *ZL Techs., Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 626 (2017).

[6] *See, e.g.*, New Zealand's Act to Amend the Law Relating to Defamation and Other Malicious Falsehoods (Defamation Act of 1992), Public Act 1992 No. 105 (26 Nov. 1992); *Solomon v. Prater* [2021] NZHC 481 at [12]-[13], [19]-[26] (N.Z.) (attached as **Exhibit 5** to the Oliveri Declaration); *Siemer v. Stiassny* [2011] NZCA 106 at [48]-[65], [83]-[84] (N.Z.) (attached as **Exhibit 6** to the Oliveri Declaration); *see also Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).

reason to believe that they were posted by the same person or at the behest of one person). **First**, the author of the Defamatory Reviews admit that they are "Former Employee[s]" of ZURU. (*See* Oliveri Decl. at Ex 1.) **Second**, the author(s) of two of the Defamatory Reviews admit that they worked for ZURU "in Auckland, Auckland [New Zealand]" (the other four reviews do not identify a location). (*See id.*) **Third**, Glassdoor's Terms of Use[7] allow only current and former employees to post reviews. Plus, Glassdoor would be required by its Terms of Use to remove the Defamatory Reviews as violations of its Terms of Use if they were not published by former ZURU employees—but Glassdoor has refused to remove two of the Defamatory Reviews (*see infra*). **Fourth**, the Defamatory Reviews employ similar word choices and writing style, were posted over a short period of time, thereby further suggesting that they were authored by the same person. (*See* Oliveri Decl. at Ex 1; Olavson Decl. ¶ 12.)

    **C.    ZURU Asks Glassdoor to Remove the Defamatory Reviews and Provide Identifying Information Regarding the Person(s) Who Posted Them, But Glassdoor Refuses.**

ZURU recently discovered the Defamatory Reviews and sent multiple letters to Glassdoor asking it to remove them from its website and to provide ZURU with information (including the email address and IP address) identifying the person(s) who posted them. (Olavson Decl. ¶¶ 6, 9; Oliveri Decl. ¶¶ 4-5 & Exs. 2-3.)[8] In support of its requests, ZURU explained how the Reviews are defamatory and how they violate various provisions of Glassdoor's Terms of Use (including the prohibition on posting "false or misleading content"), and ZURU further explained how it appears that the same person(s) appears to be maliciously targeting ZURU and using Glassdoor to pursue a campaign of defamation and harassment of ZURU. (*Id.*)

Following ZURU's correspondence, Glassdoor removed four of the six Defamatory Reviews (the October 12, November 11, November 13, and November 25 Reviews)—without specifying a reason for doing so. (Oliveri Decl. ¶ 5; Olavson Decl. ¶ 10.) But ***Glassdoor refused***

---

[7] Glassdoor, Terms of Use, https://www.glassdoor.com/about/terms.htm; *see also* Oliveri Decl. ¶ 7 & Ex. 4.

[8] A copy of the correspondence between ZURU and Glassdoor is attached as **Exhibits 2-3** to the Oliveri Declaration.

- 5 -
MEMORANDUM OF LAW IN SUPPORT OF ZURU'S *EX PARTE* § 1782 APPLICATION

to remove the other two Defamatory Reviews (the November 2 and November 20 Reviews), and *Glassdoor refused* provide any information about the person(s) who posted any of the Defamatory Reviews. (Oliveri Decl. ¶ 5; Olavson Decl. ¶¶ 10-11.)

### D. This Application Seeks Evidence Necessary for ZURU to Proceed with Its New Zealand Lawsuit Against the Former Employee(s) Who Posted the Defamatory Reviews.

ZURU is preparing to file an action for defamation—in the High Court of New Zealand in Auckland, New Zealand, against its former employee(s) who posted the Defamatory Reviews. (Olavson Decl. ¶ 14; M. Mowbray Decl. ¶ 8; N. Mowbray Decl. ¶ 8.) In order to do so, however, ZURU must first obtain information—such as name(s), email account(s), and IP address(es)—identifying the former employee(s) responsible for posting the Defamatory Reviews. (Olavson Decl. ¶ 15; M. Mowbray Decl. ¶ 9; N. Mowbray Decl. ¶ 9.) Because Glassdoor is the only entity that holds this information—and because Glassdoor has refused ZURU's requests to voluntarily provide it—third-party discovery from Glassdoor is necessary. (*Id.*)

## ARGUMENT

**I.   28 U.S.C. § 1782 Broadly Allows Discovery in Aid of Foreign Proceedings.**

28 U.S.C. § 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). And over time, Congress has consistently and "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-48.

As relevant here, Section 1782 provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal ... The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced[.]

28 U.S.C. § 1782(a). Thus, Section 1782 authorizes federal courts to grant an application for discovery as long as three statutory requirements are satisfied: **(1)** the person from whom discovery is sought resides or is found in the district of the district court where the application is made; **(2)** the discovery is for use in a proceeding before a foreign tribunal; and **(3)** the application is made by an

interested person. *Id.*; *In re Republic of Ecuador*, No. 10-mc-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010). "Once those three statutory requirements are met, a district court has wide discretion to grant discovery under [Section] 1782." *HRC-Hainan Holding Co. v. Yihan Hu*, No. 19-mc-80277, 2020 WL 906719, at *3 (N.D. Cal. Feb. 25, 2020).

In exercising its discretion to grant discovery, district courts consider four factors identified by the Supreme Court in *Intel*: **(1)** whether the person from whom discovery sought is a participant in the foreign proceeding; **(2)** the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign government to U.S. federal court judicial assistance; **(3)** whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and **(4)** whether the request is unduly burdensome. *Intel*, 542 U.S. at 264-65.

As explained below, because ZURU's Application easily satisfies all three statutory Section 1782 requirements and all four discretionary factors, the Court should grant ZURU's Application for limited discovery.

## II. ZURU's Application Easily Satisfies Section 1782's Statutory Requirements.

ZURU's Application for a narrow subpoena to Glassdoor easily satisfies Section 1782's three statutory requirements.

*First*, Glassdoor resides or is found in this district because it is headquartered and has its principal offices in San Francisco, California, which is in this district. (Oliveri Decl. ¶ .) Under settled law, "[a] business entity is 'found' in the judicial district where it has its principal place of business." *E.g.*, *HRC-Hainan Holding*, 2020 WL 906719, at *4; *In re Ex Parte Application of Digital Shape Techs., Inc.*, No. 16-mc-80150, 2016 WL 3913670, at *3 (N.D. Cal. July 20, 2016) (authorizing discovery from Glassdoor under Section 1782 and recognizing that "Glassdoor's principal place of business is ... within the Northern District of California"); *In re Application of Rainsy*, No. 16-mc-80258, 2017 WL 528476, at *2 (N.D. Cal. Feb. 9, 2017).[9]

---

[9] Indeed, Glassdoor's own Terms of Use provide that its users must "agree that all [] subpoenas and discovery proceedings arising from such subpoenas shall be issued from, brought and resolved exclusively in the state courts located within Marin County, California or the federal courts in the Northern District of California." (Glassdoor, Terms of Use § 13,

- 7 -
MEMORANDUM OF LAW IN SUPPORT OF ZURU'S *EX PARTE* § 1782 APPLICATION

***Second***, ZURU's Application seeks discovery for use in a proceeding before a foreign tribunal, namely, the High Court of New Zealand in Auckland, New Zealand. As the U.S. Supreme Court has explained, the requisite foreign proceeding "need not be 'pending' or 'imminent'"; rather, "the 'proceeding' for which discovery is sought under § 1782(a)" need only be "in reasonable contemplation." *Intel*, 542 U.S. at 247; *accord In re Yasuda*, No. 19-mc-80156, 2020 WL 759404, at *4 (N.D. Cal. Feb. 14, 2020); *Ex Parte ANZ Commodity Trading Pty Ltd.*, No. 17-mc-80070, 2017 WL 3334878, at *3 (N.D. Cal. Aug. 4, 2017) ("It is of no import that [Applicant] has not yet filed suit[.]"). Here, as described above, ZURU intends to file an action for defamation in High Court of New Zealand in Auckland, New Zealand upon obtaining discovery from Glassdoor revealing the identity of the former employee(s) who defamed ZURU, its leadership, and its management in the Defamatory Reviews. (Olavson Decl. ¶ 14.) As such, ZURU's defamation action is "in reasonable contemplation" and this requirement is satisfied.

***Third***, ZURU, as the plaintiff in the foreign action, qualifies as an "interested party" entitled to seek discovery under Section 1782. As the Supreme Court has explained, "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256; *see also Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) ("An 'interested person' seeking to invoke the discovery mechanism set forth under § 1782 may include 'not only litigants before foreign or international tribunals, but also ... any other person [who] ... merely possess[es] a reasonable interest in obtaining [judicial] assistance.'" (quoting *Intel*, 542 U.S. at 256-57)).

### III. The Supreme Court's Discretionary *Intel* Factors All Weigh in Favor of Granting ZURU's Application.

All of the discretionary *Intel* factors likewise demonstrate that the Court should grant ZURU's Application for limited discovery from Glassdoor.

---

https://www.glassdoor.com/about/terms.htm; Oliveri Decl. ¶ 8 & Ex. 4.)

**A.     The First *Intel* Factor Is Satisfied:  Glassdoor Is Not a Party to the Foreign Proceeding, and Therefore the Foreign Proceeding Cannot Compel Glassdoor to Provide Discovery.**

The first *Intel* factor weighs in favor of discovery in this case because Glassdoor is not involved in the foreign proceeding.  As the Supreme Court has explained, "nonparticipants in [a] foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."  *Intel*, 542 U.S. at 264; *see also, e.g.*, *London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (granting application; explaining that "[a]bsent this [Section 1782] discovery, the evidence sought may be unattainable [in] the [foreign] court while it is within the district court's jurisdiction and accessible in the United States."); *In re Ex Parte Motorola Mobility, LLC*, No. 12-cv-80243, 2012 WL 4936609, at *2 (N.D. Cal. Oct. 17, 2012) (same); *In re Application for Appointment of a Comm'r re Req. for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. 1782*, No. 11-cv-80136, 2011 WL 2747302, at *5 (N.D. Cal. July 13, 2011).

Here, Glassdoor will not be a participant in or party to ZURU's defamation case against its former employee(s) in New Zealand.  As such, the New Zealand court would be unable to compel Glassdoor (a U.S. corporation) to produce discovery, rendering this Application the only mechanism through which ZURU can obtain information necessary to its New Zealand lawsuit.  This factor thus weighs heavily in favor of granting ZURU's Application.

**B.     The Second *Intel* Factor Is Satisfied:  The New Zealand Court Will Accept, Not Reject, Assistance from Discovery Under Section 1782.**

The second *Intel* factor—the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign government to U.S. federal court judicial assistance—weighs in favor of discovery where, as here, there is no "'authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of Section 1782.'"  *Siemens AG v. W. Digital Corp.*, No. 13-cv-1407, 2013 WL 5947973, at *3 (C.D. Cal. Nov. 4, 2013); *accord In re Apple Retail UK Ltd.*, No. 20-mc-80109, 2020 WL 3833392, at *2 (N.D. Cal. July 8, 2020).  Moreover, in evaluating this factor, courts must "err on the side of permitting discovery."  *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (citing *Heraeus Kulzer,*

*GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (reversing denial of Section 1782 application because "there is nothing to suggest that the [foreign] court would be affronted by [plaintiff's] recourse to U.S. discovery or would refuse to admit any evidence")).

Notably, district courts across the country "routinely" grant requests for discovery under Section 1782 for use in foreign litigation in Commonwealth of Nations[10] countries like New Zealand. *See, e.g.*, *In re IKB Deutsche Industriebank AG*, No. 09-cv-7852, 2010 WL 1526070, at *4 (N.D. Ill. Apr. 8, 2010) (United Kingdom); *In re Frederick*, No. 20-mc-965, 2020 WL 5742772, at *2-3 (W.D. Tex. Sept. 24, 2020) (New Zealand); *In re Futurecorp Int'l Pty Ltd.*, No. 12-mc-80267, 2012 WL 5818288, at *3 (N.D. Cal. Nov. 15, 2012) ("[T]he Australian court is receptive to the discovery sought[.]"); *In re Application of Guy*, No. 19-mc-96, 2004 WL 1857580, at *2-3 (S.D.N.Y. Aug. 19, 2004) (There is no "reason to suppose that the government of the United Kingdom would disfavor granting Applicants relief under § 1782.").

Thus, the second *Intel* factor weighs heavily in favor of granting ZURU's Application because ZURU seeks discovery for use in litigation in New Zealand, and not only is there no "authoritative evidence" that the New Zealand court would reject evidence obtained pursuant to Section 1782, but, in fact, the New Zealand court will accept such evidence. *See, e.g.*, *In re Frederick*, 2020 WL 5742772, at *2-3.

### C. The Third *Intel* Factor Is Satisfied: ZURU's Request Does Not Attempt to Circumvent Foreign Proof-Gathering Restrictions.

The third *Intel* factor weighs in favor of discovery where, as here, there is no evidence in the record that an application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65; *In re Motorola Mobility*, 2012 WL 4936609, at *2; *In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *5. Indeed, absent a bad-faith attempt to undermine such restrictions or policies, this

---

[10] "The Commonwealth of Nations was formed in 1949 to maintain an association between countries that had once been part of the British colonies, but which were considered 'free and equal.'" New Zealand Ministry of Foreign Affairs and Trade, *The Commonwealth*, https://www.mfat.govt.nz/en/peace-rights-and-security/the-commonwealth (last visited Jan. 19, 2022).

factor weighs in favor of allowing discovery even if the documents sought would not be discoverable in the foreign jurisdiction. *Intel*, 542 U.S. at 260-63.

Here, ZURU is not aware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through its Application. To the contrary, as noted above, U.S. courts have routinely granted applications under Section 1782 to obtain discovery of evidence for use in legal proceedings with Commonwealth of Nations countries like New Zealand. *See, e.g.*, *In re Frederick*, 2020 WL 5742772, at *2-3; *In re Deutsche Industriebank AG*, 2010 WL 1526070, at *4; *In re Futurecorp Int'l Pty Ltd.*, 2012 WL 5818288, at *3; *In re Guy*, 2004 WL 1857580, at *2-3. Simply put there is no indication that any New Zealand or U.S. policy would weigh against the discovery sought by ZURU, especially where Glassdoor has stymied ZURU's attempts to obtain the information this Application seeks without judicial intervention. *See In re Application for Appointment of a Comm'r*, 2011 WL 2747302, at *5. Accordingly, the third *Intel* factor weighs heavily in favor of granting ZURU's Application.

### D.  The Fourth *Intel* Factor Is Satisfied: ZURU's Request Is Not Unduly Burdensome.

The fourth *Intel* factor weighs in favor of discovery where, as here, an applicant's discovery request is not "unduly intrusive or burdensome," *Intel*, 542 U.S. at 265, as "determined by the Federal Rules of Civil Procedure," *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203, 2016 WL 6474224, at *6 (N.D. Cal. Nov. 2, 2016) (citing *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office*, 16 F.3d 1016, 1019 (9th Cir. 1994)). Under the applicable ordinary discovery rules, "[d]iscovery 'is permitted if reasonably calculated to lead to the discovery of admissible evidence.'" *HRC-Hainan Holding Co.*, 2020 WL 906719, at *11 (quoting *Franklin v. Madden*, 586 F. App'x 431, 432 (9th Cir. 2014)).

Critically, as relevant here, courts have repeatedly held that this factor weighs in favor of granting a Section 1782 application where the applicant seeks discovery from a website operator— including Glassdoor—to reveal the identity of a person who used its site to allegedly infringe the applicant's rights. *See, e.g.*, *IS Prime Ltd.*, 2021 WL 5889373, at *3-4 (granting application for discovery from Glassdoor seeking "documents identifying or that could be used to identify the

individual(s who posted [allegedly defamatory] reviews"); *In re Legatum*, No. 21-mc-80032, 2021 WL 706436, at *3 (N.D. Cal. Feb. 23, 2021) (similar; granting application for discovery from Glassdoor seeking documents reflecting "identifying information" of persons who made allegedly disparaging posts); *Digit. Shape Techs., Inc. v. Glassdoor, Inc.*, No. 16-mc-80150, 2016 WL 5930275, at *2 (N.D. Cal. Oct. 12, 2016) (compelling Glassdoor to produce "[d]ocuments sufficient to show the email address and IP address of the user who posted [an allegedly defamatory review]" because (1) "[t]he email and IP addresses associated with the [] review are relevant to Petitioners' defamation claim based on that review" and (2) the request was not unduly burdensome); *In re Application for Appointment of a Comm'r*, 2011 WL 2747302, at *1, 5 (granting application for discovery from WordPress.com "to identify the individual(s) who authored an anonymous blog on WordPress.com's blog-hosting service" and explaining that (1) "[t]he information requested is relevant to [the applicant's] allegations [against the anonymous blogger] and the identity of [the anonymous blogger] is otherwise unattainable, given that the relevant posts were made through WordPress.com's servers" and (2) "the request is not unduly intrusive or burdensome because it seeks to gather only identifying information for the accounts, such as the names and addresses of the users").

      Here, ZURU's Application seeks only narrow discovery from Glassdoor: (1) documents sufficient to show the identity of (or identifying information about) the former employee(s) who posted the Defamatory Reviews; (2) information reflecting the number of persons/web users that have viewed the Defamatory Reviews; and (3) a one-hour deposition whereby a Glassdoor corporate representative can authenticate its records. This information—tending to show the identity of the person(s) who posted the Defamatory Reviews—is not only relevant but absolutely necessarily for ZURU's case in New Zealand. Moreover, ZURU's Application does not broadly seek Glassdoor's communications but only narrowly seeks documents sufficient to show the identity of the former ZURU employee(s) who posted the Defamatory Reviews. Such requests are routinely approved as not unduly burdensome. *See, e.g.*, *Glassdoor, Inc.*, 2016 WL 5930275, at

*2; *In re Application for Appointment of a Comm'r*, 2011 WL 2747302, at *5; *In re Apple Retail UK Limited*, 2020 WL 3833392, at *4.[11]

## CONCLUSION

For the foregoing reasons, ZURU respectfully requests that the Court grant its Application and issue an Order authorizing the issuance of discovery. A Proposed Order is attached to ZURU's Application as **Exhibit A**.[12]

Dated:  January 24, 2021        SACKS, RICKETTS & CASE LLP

By:  */s/ Michele Floyd*
Michele Floyd
*Attorney for Applicant ZURU, Inc.*

Dated:  January 24, 2021        CLARE LOCKE LLP

By:  */s/ Joseph R. Oliveri*
Joseph R. Oliveri* (DC Bar No. 994029)
* *Pro Hac Vice* Application Forthcoming
*Attorney for Applicant ZURU, Inc.*

---

[11] ZURU's counsel will, of course, meet and confer with Glassdoor's counsel to discuss ways to obtain this discovery as efficiently and with as little burden as possible.

[12] A proposed subpoena to testify at a deposition in a civil action is attached to the Application as **Exhibit B** and a proposed subpoena to produce documents, information, or objects in a civil action is attached to the Application as **Exhibit C**.

**FILER ATTESTATION**

In accordance of Civil L.R. 5-1(i)(3), I hereby certify that I have authorization to file this document from the signatories above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on this 24th day of January, 2022 at San Francisco, California.

/s/ Michele Floyd
Michele Floyd