UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURU, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>GLASSDOOR, INC.,<br><br>        Defendant. | Case No. 22-mc-80026-AGT<br><br>**ORDER GRANTING LEAVE TO SERVE SUBPOENAS**<br><br>Re: Dkt. No. 1 |

      New Zealand based Zuru Inc. intends to file a defamation lawsuit in New Zealand against one or more former Zuru employees who posted a series of anonymous negative reviews of Zuru on Glassdoor.com. Before Zuru can file the lawsuit, it needs to identify the persons who posted the reviews. To do so, Zuru has applied to this Court for an order authorizing service on Glassdoor of a document subpoena and a deposition subpoena. The document subpoena asks Glassdoor to produce copies of the reviews; documents that identify the names, email addresses, and IP addresses of the persons who posted the reviews; documents that show the submission and posting dates and times of the reviews; and documents identifying the number of persons who have seen or engaged with the reviews. *See* Dkt. 1-3 at 8. The deposition subpoena asks Glassdoor to make available for one hour a corporate representative who can authenticate the documents produced. *See* Dkt. 1-2 at 6; Dkt. 1-4 at 16.

      The Court has authority to authorize service of the proposed subpoenas because Glassdoor is headquartered in the Northern District of California and Zuru intends to use the information it obtains from Glassdoor to file a lawsuit in a foreign court. *See* 28 U.S.C. § 1782(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). The Court also finds that the four discretionary factors often considered in evaluating such applications weigh in favor of the subpoenas. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). First, there's no reason to believe that New Zealand courts won't be receptive to U.S. judicial assistance in this case. Second,

there's no reason to believe that Zuru's request is an attempt to circumvent New Zealand proof-gathering restrictions. Third, Glassdoor isn't expected to be a party in Zuru's lawsuit, which means that without U.S. judicial assistance Zuru might not be able to obtain the discovery it seeks. Fourth, on initial review, the subpoenas don't appear unduly burdensome (although this finding doesn't preclude Glassdoor from arguing otherwise and contesting the subpoenas).

Because Zuru's request satisfies the statutory requirements and discretionary factors, the Court authorizes Zuru to serve Glassdoor with the proposed subpoenas pursuant to the terms and conditions that follow.

\* \* \*

1. Zuru must serve the subpoenas on Glassdoor within 14 days of this order. When Zuru serves the subpoenas, it must also provide Glassdoor with a copy of this order.

2. Within 14 days of being served, Glassdoor must notify the persons who posted the reviews that are identified in the document subpoena that Zuru has requested their names and contact information. Glassdoor must also provide these persons with copies of the subpoenas and this order.

3. Within 21 days of receiving notice of the subpoenas, Glassdoor or the persons who posted the reviews at issue may file a motion in this Court to quash or to modify the subpoenas.

4. If no such motion is filed and more than 21 days have passed since Glassdoor and the reviewers received notice of the subpoenas, Glassdoor must disclose the requested information to Zuru and provide a witness to authenticate the documents it produces.

5. Zuru may use the information disclosed by Glassdoor only for purposes of the anticipated defamation action in New Zealand.

**IT IS SO ORDERED.**

Dated: February 4, 2022

Alex G. Tse
United States Magistrate Judge